UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRISTIAN DAMIAN ROJAS,<br><br>                                            Petitioner,<br>               -v-<br>THOMAS R. DECKER, et al.,<br><br>                                            Respondents. | 19 Civ. 10029 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

      Petitioner Cristian Rojas is a lawful permanent resident who has been held by U.S. Immigration and Customs Enforcement (ICE) since February 14, 2019. Since his arrest by ICE, Petitioner has been detained at the Bergen County Jail in New Jersey. On October 29, 2019, petitioner filed a petition for a writ of habeas corpus, seeking his release during the pendency of his removal proceedings or, in the alternative, a new bond hearing before an immigration judge in which the government has the burden of proving that he is a flight risk or danger to the community. Dkt. 1. On October 30, 2019, the Court issued an order to show cause why the petition should not be transferred to the U.S. District Court for the District of New Jersey. Dkt. 5. On November 8, 2019, Petitioner filed his response. Dkt. 20. On November 12, 2019, the Court granted leave for the Immigrant Defense Project to file a brief as *amicus curiae*, Dkt. 22, which it did, Dkt. 24. On November 14, 2019, Petitioner filed an amended petition. Dkt. 25. On November 21, 2019, the government filed its response to the order to show cause, Dkts. 29 & 30, and on November 25, 2019, it filed a letter of supplemental authority. Dkt. 31.

1

This Court has repeatedly held that in "core" habeas petitions by immigration detainees—where, as petitioner does, a petitioner challenges his present physical confinement—jurisdiction lies only in the district of confinement. *See Almazo v. Decker*, No. 18 Civ. 9941 (PAE), 2018 WL 5919523 (S.D.N.Y. Nov. 13, 2018) (collecting cases); *see also Andoh v. Barr*, No. 19 Civ. 8016 (PAE), 2019 WL 4511623 (S.D.N.Y. Sept. 18, 2019); *Li v. Barr*, No. 19 Civ. 5085 (PAE), 2019 WL 2610537 (S.D.N.Y. June 14, 2019); *Blake v. McAleenan*, No. 19 Civ. 3371 (PAE); *Lateef v. Decker*, No. 19 Civ. 2294 (PAE). This continues to be the position taken by a majority of the judges in the Southern District who have considered this question. *See, e.g.*, *Sanchez v. Decker*, No. 19 Civ. 8354 (RA), 2019 WL 6311955 (S.D.N.Y. Nov. 25, 2019); *Binet v. Decker*, No. 19 Civ. 7964 (VEC), 2019 WL 6111275 (S.D.N.Y. Nov. 7, 2019); *Thomas v. Decker*, No. 19 Civ. 8690 (JMF).[1] It is also the considered view of other courts to have addressed the question, including the Seventh Circuit, which rejected the same claim petitioner raises here in the analogous case of a non-citizen who was detained in Wisconsin at the direction of the ICE Chicago field office director. *Kholyavskiy v. Achim*, 443 F.3d 946 (7th Cir. 2006).

Petitioner, at the time of the filing of his petition and thereafter, has exclusively been confined in the District of New Jersey. For the reasons set forth in the Court's decision in *Almazo*, 2018 WL 5919523, at *1–2, the Court holds that it lacks venue over Mr. Rojas's core habeas claims. The Court therefore transfers this case to the District of New Jersey. The Court waives the seven-day period articulated in Local Civil Rule 83.1 to effectuate the transfer of the

---

[1] The Court has considered, but does not adopt, the reasoning expressed in two decisions reaching the opposite conclusion. *See Rodriguez Sanchez v. Decker*, No. 18 Civ. 8798 (AJN), 2019 WL 3840977 (S.D.N.Y. Aug. 15, 2019); *Cruz v. Decker*, No. 18 Civ. 9948 (GBD)(OTW), 2019 WL 4038555 (S.D.N.Y. Aug. 27, 2019) (Report and Recommendation).

case. In light of the significant liberty interests at stake, the Court directs the Clerk of Court to effectuate this transfer as soon as possible.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: November 26, 2019
       New York, New York